**Electronically Filed
Supreme Court
SCPW-20-0000542
02-OCT-2020
11:17 AM**

SCPW-20-0000542

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MILTON M. MOTOOKA and MOTOOKA ROSENBERG LAU & OYAMA, LLLC, f.k.a. MOTOOKA YAMAMOTO REVERE, LLLC, f.k.a. MOTOOKA & YAMAMOTO, LLLC, f.k.a. MOTOOKA & ROSENBERG, LLLC, Petitioners,

vs.

THE HONORABLE RHONDA I.L. LOO, Judge of the Circuit Court of the Second Circuit, State of Hawaiʻi, Respondent Judge,

and

SPENCER JAMES BEVILL, NANCY LYNN BEVILL, and BEVILL FAMILY TRUST, and MYLES T. YAMAMOTO, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NOS. 2CC081000293 and 2CC121000790)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., McKenna, and Wilson, JJ.,
Circuit Judge Ochiai, assigned in place of Nakayama, J.,
recused, and Circuit Judge Kim, assigned by reason of vacancy)

Upon consideration of Petitioners' petition for writ of mandamus, filed on September 2, 2020, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioners fail to demonstrate that they have a clear and indisputable right to relief and that they lack alternative means to seek relief. Petitioners, therefore, are not entitled to the requested extraordinary writ. See Kema v.

Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (such a writ is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi October 2, 2020.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Dean E. Ochiai

/s/ Robert D.S. Kim



2